IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK R. LIPSCOMB and ROILYNEE M. LIPSCOMB,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., et al.,<br><br>　　　　　Defendants. | 1:11-CV-497  AWI JLT<br><br>ORDER VACATING HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 10) |

　　This case stems from a loan obtained by Plaintiffs on property located in Big Pine, California.  The loan went into default and a non-judicial foreclosure occurred in September 2010.  Plaintiffs filed this lawsuit in the Inyo County Superior Court and alleged violations of 15 U.S.C. § 1692f (the Fair Debt Collections Practices Act ("FDCPA")) and various state law claims.  Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the case pursuant to 12 U.S.C. § 1452(f).  Defendants previously filed a motion to dismiss, but that motion was mooted when Plaintiffs filed an amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15.  The active complaint is the First Amended Complaint ("FAC").

　　Freddie Mac, Mortgage Electronic Registration Systems, Inc. ("MERS"), Citimortgage, Inc. ("CMI"), and Citigroup, Inc. ("Citi") move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Hearing on the motion is set for August 8, 2011.  The Court has reviewed the moving papers and has determined that a hearing is not necessary.  See Local Rule 230.  The Court will vacate the hearing, and instead issue this order which resolves the motion.

**GENERAL BACKGROUND**[1]

In April 2007, Plaintiffs obtained a loan in the amount of $70,000, secured by a deed of trust that encumbered property located on 321 Pine Street, Big Pine, California ("the Pine Street Property"). See RJN Ex. A. In February 2008, Plaintiffs repaid the loan with funds obtained from a $259,500 refinance loan, which was secured by a deed of trust. See RJN Exs. B, C. In April 2008, Plaintiffs obtained a $357,846 refinance loan, which was secured by a deed of trust. See RJN Exs. D, E.

In July 2008, Plaintiffs refinanced with a loan from Carnegie Mortgage, LLC, in the amount of $417,000 ("July Loan"). See RJN Exs. F, G. As part of this transaction, Plaintiffs executed and delivered a deed of trust (hereinafter "the Deed of Trust"), pursuant to which MERS was the beneficiary. See RJN Ex. F. Apparently beginning in August 2009, Plaintiffs failed to make the monthly payments on the July Loan. See RJN Ex. H; FAC ¶¶ 38, 55.

On November 20, 2009, MERS designated Cal-Western Reconveyance Corp. ("CWRC") as the new trustee. See RJN Ex. I. On November 25, 2009, CWRC caused to be recorded a Notice of Default, which indicated that Plaintiffs were $11,520 in arrears. See RJN Ex. H.

In February 2010, MERS assigned all beneficial interest under the Deed of Trust to CMI by way of an Assignment of Deed of Trust, which was recorded in the Inyo County Recorder's office on February 17, 2010. See RJN J.

On March 3, 2010, CWRC caused to be recorded in the Inyo County Recorder's Office a Notice of Trustee's sale. See RJN Ex. L.

On August 19, 2010, CMI assigned all beneficial interest under the Deed of Trust to Freddie Mac, and the assignment was recorded on September 29, 2010. See RJN Ex. K.

On September 20, 2010, the Pine Property was sold at a foreclosure sale to Freddie Mac, who was the highest bidder at the public auction. See RJN Ex. M.

---

[1] Defendants have requested the Court take judicial notice of various documents that were filed in the Official Records of the Inyo County Recorder's office. See Court's Docket Doc. No. 10-2 (Request for Judicial Notice ("RJN")). Plaintiffs filed no opposition to this request. A court may take judicial notice of matters of public record. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court will grant Defendants' request and take judicial notice of the submitted documents. See Lee, 250 F.3d at 688-89; Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010).

On February 7, 2011, Plaintiffs filed suit in the Inyo County Superior Court alleging state law claims for quiet title and slander of title, fraud, negligent misrepresentation, bad faith, wrongful foreclosure, violation of 15 U.S.C. § 1692f . See Court's Docket Doc. No. 1.  On May 9, 2011, Plaintiffs filed the FAC.

## MOTION TO DISMISS FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  That is, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the

3

complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANT'S MOTION

*Defendants' Arguments*

Defendants argue that dismissal of the complaint is appropriate for several reasons. First, a fundamental premise of the entire complaint is that defendants were not authorized to enforce the Deed of Trust because they do not own the note secured by the Deed of Trust. However, under California law, there is no requirement that the foreclosing beneficiary or its agent produce the original note. Second, Plaintiffs are improperly attempting to convert a non-judicial foreclosure into a judicial action. California courts have recently rejected such attempts. Third, the first and fifth causes of action seek to set aside the trustee's sale, but Plaintiffs have not tendered funds to pay the balance owed on the July Loan. Without tender of the debt owed, these causes of action fail. Additionally, there can be no slander of title because the published foreclosure notices were privileged. Further, the allegation that the July Loan note was "counterfeit" is contrary to documents that have been judicially noticed and is contrary to other allegations where Plaintiffs admit that they made payments on the indebtedness and applied for modifications. Thus, Plaintiffs do not actually dispute the debt, rather they dispute the authority to enforce the Deed of Trust. Fourth, the second, third, and fourth causes of action fail because Plaintiffs have not alleged fraud with the specificity required by Rule 9(b). Finally, the claim under 15 U.S.C. § 1692f fails because CMI is not a debt collector.

*Plaintiffs' Opposition*

Plaintiffs did not file an opposition to the motion to dismiss. Instead, Plaintiffs requested leave to file a second amended complaint that would cure the defects.

*Discussion*

1.  Ownership of the July Loan Note & Authority of Beneficiary

The Complaint alleges that "none of the defendants . . . has any right, title, or interest in the subject deed of trust, and [] they do not own any instrument which is purportedly secured by the deed of trust." FAC ¶ 14. Defendants characterize the FAC as improperly attempting to engraft a requirement that a foreclosing entity produce the original promissory note. In the absence of an opposition, the characterization is not unreasonable. As Defendants rightly point out, there is no requirement that a foreclosing entity produce the original promissory note. See Javaheri v. JPMorgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 36469, *5-*8 (C.D. Cal. Mar. 24, 2011); Clark v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038, 1043 (E.D. Cal. 2010); Hafiz v. Greenpoint Mortg. Funding, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).

Additionally, a California court has recently held that, under the exclusive process of California's non-judicial foreclosure statutes, there is no provision made for a judicial action to determine whether the person initiating the foreclosure process is actually authorized by the owner of the indebtedness to foreclose. See Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1155-57 (2011). *Gomes* did distinguish cases in which there was a specific factual basis identified for alleging that the foreclosure was initiated by the incorrect party. See id. at 156. Here, the documents attached to the RJN establish that the July Loan was made by Carnegie Mortgage, and, as part of the same transaction, Plaintiffs executed and delivered the Deed of Trust in which MERS was named as the beneficiary. See RJN Exs. F, G. On November 20, 2009, MERS designated CWRC as the new trustee. See RJN Ex. I. In February 2010, MERS then assigned all beneficial interest under the Deed of Trust to CMI. See RJN Ex. J. In August 2010, CMI transferred its beneficial interest in the Deed of Trust to Freddie Mac. See RJN Ex. K. There is no impropriety identified by Plaintiffs in the FAC regarding these transfers, or in the designation of CWRC as the trustee. That is, relative to the RJN documents, Plaintiffs

allege no facts that indicate that foreclosure was initiated by the wrong party or an unauthorized party. Cf. Gomes, 192 Cal.App.4th at 1156; cf. also Ferguson v. Avelo Mortg., LLC, 195 Cal.App.4th 1618, 1626-27 (2011).

Plaintiffs do allege, as noted above, that Freddie Mac is not the owner or assignee of the Deed of Trust, and that none of the defendants has any right or title in the Deed of Trust. See FAC at ¶¶ 12, 14. However, RJN Exhibit K shows an assignment of the beneficial interest of the Deed of Trust to Freddie Mac. Also, as outlined above, there are a series of transfers between MERS, CMI, and Freddie Mac in the beneficial interest of the Deed of Trust. Contrary to Plaintiffs' allegations, these recorded transfers show interests in the Deed of Trust at various points in time by MERS, CMI, and Freddie Mac. The Court is not obligated to accept as true allegations that conflict with judicially noticed documents. See Doc Magic, Inc. v. Ellie Mae, Inc., 745 F.Supp.2d 1119, 1133 (N.D. Cal. 2010); Pineda v. GMAC Mortg., LLC, 2009 U.S. Dist. LEXIS 40870, *5 (C.D. Cal. Apr. 30, 2009).

Plaintiffs also allege that the instrument that defendants claim evidences an indebtedness is counterfeit. See FAC at ¶¶ 19, 71. However, Plaintiffs have not identified which document is counterfeit or what makes the document counterfeit. Cf. Pineda, 2009 U.S. Dist. LEXIS 40870 at *11 n.3. Plaintiffs do not allege, or explain why, any of the transfers of beneficial interests in the Deed of Trust are counterfeit. Plaintiffs do not deny that there is a debt owed on the property, nor do they deny that they obtained a loan from Carnegie Mortgage. Plaintiffs also acknowledge that they made payments to CMI and sought a loan modification from CMI. See FAC at ¶¶ 30-38. The allegations therefore acknowledge that a debt is owed, but are too conclusory to indicate that Defendants are using or relying on counterfeit documents in light of the RJN exhibits.

In sum, to the extent that Plaintiffs' causes of action are based on a contention that Defendants could not foreclose because they do not possess the original note, dismissal is appropriate. To the extent that Plaintiffs contend that Defendants had no interest in the Deed of Trust and thus could not foreclose, dismissal is appropriate because such allegations appear to be contrary to judicially noticed documents.

2.     First Cause of Action – Quiet Title and Slander of Title[2]

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  See Cal. Code Civ. Pro. § 761.020; Hamilton v. Bank of Blue Valley, 746 F.Supp.2d 1160, 1177-78 (E.D. Cal. 2010); Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 975-76 (N.D. Cal. 2010); Ferguson, 195 Cal.App.4th at 1623.  "A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust."  Rosenfeld, 732 F.Supp.2d at 976.  Further, a "mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."  Hamilton, 746 F.Supp.2d at 1177-78; Rosenfeld, 732 F.Supp.2d at 976; Ferguson, 195 Cal.App.4th at 1623; Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) (holding that the without discharging the debt, the "cloud upon [the plaintiff's] title persists until the debt is paid").  Here, there is no allegation that Plaintiffs can tender or have tendered the debt owed, the complaint is not verified, there is no date identified as the date from which the title determination is sought, there is no identification of the adverse claims made be each of the defendants, and there is no allegation that Plaintiffs are the rightful owners of the Pine Property.  Therefore, Plaintiffs have failed to properly allege a quiet title claim.

Under California law, a claim for slander of title requires "publication, falsity, absence of privilege, and disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss."  Smith v. Commonwealth Land Title Ins. Co., 177 Cal.App.3d 625, 630 (1986); Appel v. Burman, 159 Cal.App.3d 1209, 1214 (1984).  Here, although not clear, it appears that the publication at issue is the recording of the notice of default, the recording of the notice of trustee's sale, and conducting the trustee's sale.  See FAC at ¶ 20.  Plaintiffs also allege

---

[2]This cause of action is alleged against all Defendants.

7

that this conduct was done in bad faith and with malice, fraud, and oppression. See id. at ¶¶ 23-25. However, California Civil Code § 2924(d) deems privileged the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, as well as the performance of statutory nonjudicial foreclosure procedures. See Richards v. Bank of Am., N.A., 2010 U.S. Dist. LEXIS 92389, *10-*11 (N.D. Cal. Aug. 13, 2010); Fimbres v. Chapel Mortg. Corp., 2009 U.S. Dist. LEXIS 109261, *32-*33 (S.D. Cal. Nov. 20, 2009); Kachlon v. Markowitz, 168 Cal. App. 4th 316, 325 (2008). Here, the judicially noticed documents do not indicate bad faith, but rather indicate that proper transfers occurred. Thus, it appears that the privilege of California Civil Code § 2924(d) applies, which defeats a claim for slander of title. Further, Plaintiffs have failed to allege reliance by third parties which caused pecuniary loss. See Smith, 177 Cal.App.3d at 630; Apple, 159 Cal.App.3d at 1214. Therefore, Plaintiffs have failed to properly allege a slander of title claim.

Dismissal of the first cause of action is appropriate.

3.   Second Cause of Action – Fraud[3]

"The elements of fraud, which give rise to the tort action for deceit, are: (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal.4th 1244, 1255 (2009); Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173 (2003). Claims of fraud must be pled with particularity and in accordance with the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. Pro. 9(b); Destifino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011). To satisfy Rule 9(b), a complaint must identify the who, what, when, where, and how of the fraudulent conduct, as well as identify what is false or misleading about the allegedly fraudulent statement including why the statement is false. Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010); Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Also, "Rule 9(b) does not allow a complaint to merely

---

[3]This cause of action is alleged against CMI, Citi, and unknown Doe defendants.

lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG, LLP, 476 F.3d 756, 764-65 (9th Cir. 2007); see Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011).

Here, with one exception, Plaintiffs do not allege the how, when, or where of any of the alleged misrepresentations by CMI.[4] See Ebeid, 616 F.3d at 998; Vess, 317 F.3d at 1106. Further, although this cause of action is alleged against CMI and Citi, none of the allegations mention Citi. See FAC at ¶¶ 27-42. Plaintiffs are required to differentiate their allegations when more than one defendant is accused of fraud; Plaintiffs cannot simply lump defendants together. See Destfino, 630 F.3d at 958; Swartz, 476 F.3d at 764-65. Finally, the FAC identifies several misrepresentations. Two of the identified misrepresentations deal with CMI's interest or status in the Deed of Trust. However, these allegations appear to be contrary to RJN Exhibit J. See FAC ¶¶ 28-33. Since the Court need not accept as true allegations that contradict judicially noticed documents, see Doc Magic., 745 F.Supp.2d at 1133; Pineda, 2009 U.S. Dist. LEXIS 40870 at *5, there is a failure to properly explain the falsity of the statements in Paragraphs 28 through 33 of the FAC. Accordingly, dismissal of this cause of action is appropriate.

    4.    Third Cause of Action – Negligent Misrepresentation[5]

The elements of a claim for negligent misrepresentation are: "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1201 (9th Cir. 2001); Apollo Capital Fund LLC v. Roth Capital Partners, LLC, 158 Cal.App.4th 226, 243 (2007). A plaintiff must follow Federal Rule of Civil Procedure 9(b)'s particularity requirement in alleging a claim

---

[4] Plaintiffs do allege that CMI sent a letter dated June 28, 2010, to Plaintiffs regarding Plaintiffs' eligibility for the Home Affordable Modification Program. See FAC ¶ 32.

[5] This cause of action is alleged against CMI and unknown Doe defendants.

for negligent misrepresentation. See Kelley v. Rambus, Inc., 384 Fed. Appx. 570, 573 (9th Cir. 2010); Saldate v. Wilshire Credit Corp., 686 F.Supp.2d 1051, 1064 (E.D. Cal. 2010); Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

Plaintiffs' allegations are insufficient. First, Plaintiffs do not expressly and specifically identify the misrepresentations of past or existing facts at issue. See Ebeid, 616 F.3d at 998; Glenn K. Jackson, 273 F.3d at 1201; Apollo, 158 Cal.App.4th at 243. Second, Plaintiffs did not allege that CMI intended to induce reliance. See Glenn K. Jackson, 273 F.3d at 1201; Apollo, 158 Cal.App.4th at 243. Third, Plaintiffs do not identify when or how or where these misrepresentations were made, nor do they explain why the statements are false. See Ebeid, 616 F.3d at 998; Vess, 317 F.3d at 1106. To the extent, Plaintiffs may be relying on CMI representing that it owned the deed of trust, as explained above, RJN Exhibit J indicates that CMI at one point owned the beneficial interest of the Deed of Trust. Thus, it does not appear that CMI misrepresented its status. See id. Accordingly, dismissal of this cause of action is appropriate.

### 5.     Fourth Cause of Action – Bad Faith[6]

This cause of action is entitled "bad faith" and is alleged against CMI. The Court is not certain what Plaintiffs are attempting to allege in this cause of action. The allegations are very similar to those made under the second cause of action for fraud. Although there are additional causes of action, both the second and fourth causes of action are premised on CMI's conduct and representations concerning Plaintiffs' attempt to refinance the July Loan. To the extent that Plaintiffs are attempting to allege fraud, this cause of action is redundant of, and suffers the same shortcomings of, the second cause of action.

To the extent that Plaintiffs are attempting to allege a violation of the implied covenant of good faith and fair dealing, this cause of action fails. "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a

---

[6]This cause of action is alleged against CMI and unknown Doe defendants.

contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 968 (N.D. Cal. 2010). "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Rosal v. First Fed. Bank of Cal., 671 F.Supp.2d 1111, 1129 (N.D. Cal. 2009); Racine & Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal.App.4th 1026, 1031-32 (1992). "There is no obligation to deal fairly or in good faith absent an existing contract." Rosal, 671 F.Supp.2d at 1130; Racine & Laramie, 11 Cal.App.4th at 1032. Further, the implied covenant of good faith "does not require parties to negotiate in good faith prior to any agreement." Sullivan v. JP Morgan Chase Bank, NA, 725 F.Supp.2d 1087, 1098 (E.D. Cal. 2010); McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008). Here, Plaintiffs have not alleged the existence of a contract between CMI and themselves, there is no allegation that Plaintiffs performed or were excused from performing their obligations under the contract, and there is no allegation that CMI unfairly interfered with the plaintiff's right to receive the benefits of the contract. Therefore, Plaintiffs have failed to properly plead a claim for breach of the implied covenant of good faith and fair dealing. See Rosenfeld, 732 F.Supp.2d at 968; Rosal, 671 F.Supp.2d at 1129-30; Racine & Laramie, 11 Cal.App.4th at 1031-32.

Dismissal of this cause of action is appropriate.[7]

### 6. Fifth Cause of Action – Wrongful Foreclosure[8]

In order to bring a claim for wrongful foreclosure, generally there must be an allegation that the plaintiff has tendered or is able to tender the amount of the debt owed. See Davidson v.

---

[7] If Plaintiffs amend this cause of action, they shall rename this cause of action to clarify precisely what cause of action is attempting to be alleged.

[8] This cause of action is alleged against all defendants.

Countrywide Home Loans, Inc., 2011 U.S. Dist. LEXIS 33404, *8-*9 (S.D. Cal. March 29, 2011); Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1269 (C.D. Cal. 2010); Saldate v. Wilshire Credit Corp., 711 F.Supp.2d 1126, 1140 (E.D. Cal. 2010); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, *32 (N.D. Cal. June 25, 2009); Karlsen v. American Sav. & Loan Assn, 15 Cal.App.3d 112, 117 (1971). However, an offer of tender may not be required where it would be inequitable. See Christopher v. First Franklin Fin. Corp., 2010 U.S. Dist. LEXIS 103952, *8 (S.D. Cal. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1184 (N.D. Cal. 2009); Humboldt Sav. Bank v. McCleverty 161 Cal. 285, 291 (1911).

Here, Plaintiffs make no allegations regarding tender, nor do they allege facts under this cause of action that show that tender would be inequitable. Additionally, Plaintiffs' claim appears to be based on the position that none of the Defendants have a legitimate interest in the Deed of Trust. However, this position appears contrary to the judicially noticed documents. Without further clarification, the Court is not required to accept as true allegations that are contrary to judicially noticed documents. Dismissal of the fifth cause of action is appropriate.

     6.    Sixth Cause of Action – 15 U.S.C. § 1692f[9]

The FDCPA regulates conduct between consumers and "debt collectors." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1608 (2010); Rowe v. Education Credit Mgmt. Corp. 559 F.3d 1028, 1031 (9th Cir. 2009). However, Plaintiffs do not allege that CMI is a debt collector. See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). Further, the FAC's allegations show that Plaintiffs are relying on 15 U.S.C. § 1692f(6)(A). See FAC at ¶ 79. This section of the FDCPA applies to a debt collector "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); cf. FAC ¶ 79. Plaintiffs clarify that the cause of action is grounded upon the recording of the notice of default and the notice of trustee

---

[9]This cause of action is alleged against CMI and unknown Doe defendants.

sale. See FAC at ¶ 80.  However, RJN Exhibit J indicates that CMI was assigned the beneficial interest of the Deed of Trust.  See RJN Ex. J.  If the loan was in default, CMI would have been within its rights to begin foreclosure proceedings pursuant to the Deed of Trust.  That is, CMI following the nonjudicial foreclosure procedures appears to have been supported by RJN Exhibit J.  Further, foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the FDCPA.  Schuck v. Fannie Mae, 2011 U.S. Dist. LEXIS 69257, *19 n.4 (E.D. Cal. June 28, 2011); Perez v. Ocwen Loan Servicing, 2011 U.S. Dist. Lexis 73769, *13-*14 (S.D. Cal. July 6, 2011); Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS 67807, *9 (S.D. Cal. Aug. 4, 2009); Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co., 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009); Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).  Dismissal of this cause of action is appropriate.

## **CONCLUSION**

Defendants Freddie Mac, CMI, and Citi move for dismissal of the FAC.  For the reasons discussed above, each cause of action is improperly plead.  Plaintiffs have failed to include various, necessary factual allegations to support the individual causes of action contained within the FAC.  Also, the judicially noticed documents appear to be contrary to several key allegations. Dismissal of the complaint is appropriate.

At this time, it appears possible that at least some of the deficiencies identified could be corrected through the amendment process.  As such, the Court will dismiss the FAC with leave to amend, but the amendments must be consistent with this order.  Of particular note, if Plaintiffs choose to amend their complaint, they should make specific factual allegations that address the exhibits of the RJN, and any new allegations included in an amended complaint must comply with Federal Rule of Civil Procedure 11.  Further, because the FAC was filed in response to a largely identical motion to dismiss (compared with the current motion to dismiss), and because the changes and/or additions made to the FAC compared to the original complaint are hardly discernable, the Court will give Plaintiffs ten (10) days to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED, and the First Amended Complaint is DISMISSED with leave to amend;
2. Plaintiffs may file an amended complaint that is consistent with the entirety of this order within ten (10) days of service of this order;
3. If Plaintiffs fail to timely file an amended complaint, the Court will close this case without further notice; and
4. The August 8, 2011, hearing is VACATED.

IT IS SO ORDERED.

Dated:   August 2, 2011

CHIEF UNITED STATES DISTRICT JUDGE